IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**GENA MARIE DUNPHY,**

    **Petitioner,**

v.                                        **Civil Action No. 3:04CV04**
                                          **Criminal Action No. 3:02CR45**
                                          **(BROADWATER)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING
## MAGISTRATE'S REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for review of the Report and Recommendation[1] submitted by Magistrate Judge James E. Seibert on February 28, 2005. The Magistrate Judge recommends denying the Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On May 2, 2005, the Petitioner filed her Objections to Magistrate's Report and Recommendation.[2] The Objections will be considered as if timely filed by the Petitioner and her Motion for Extension of Time to File[3] is **DENIED as MOOT**. Having reviewed *de novo* Magistrate Judge Seibert's findings of fact and recommendations to which the Petitioner objects, the Court finds that the Magistrate's Report and Recommendation should be adopted.

---

[1] Document No. 10.

[2] Document No. 12.

[3] Document No. 11.

Petitioner submitted a fifteen page response to the Magistrate's Report and Recommendation.  A large portion of the filed material appears to be photocopies of the Magistrate's Report and Recommendation with portions cut out and otherwise adjusted.  In the cut-and-paste portions of her objections, Petitioner seems to be restating the Magistrate's findings and argument, but objecting to his conclusions, which were blocked out.  The Magistrate's findings with respect to waiver of appellate rights, ineffective assistance of counsel due to rejection of an initial plea offer, relevant conduct findings, and an alleged attorney statement to the media are all treated in this manner.   No substantive arguments or objections are raised to these portions of the Report and Recommendation, however, the Court will address the Petitioner's other objections so far as they can be determined.

Dunphy's argues that her counsel provided ineffective assistance because he failed to object to the drug quantity assessed against her for relevant conduct purposes.  The argument is without merit, because Dunphy entered into a stipulation for relevant conduct purposes in her plea agreement with the United States. Dunphy does not include further argument on ineffective assistance of counsel in her objections.

The Petitioner restates the Magistrate's analysis and develops no discernable argument in her objection to the Magistrate's recommendation to deny appointment of counsel in this action.

Dunphy argues at length, that, due to recent decisions in the Blakley and Booker cases, her sentence should be reviewed.  Since the Fourth Circuit Court of Appeals' decision in Hughes was handed down after the Magistrate's Report and Recommendation, the court will conduct a review of Petitioner's arguments based upon this line of cases.  United States v. Hughes, 396 F.3d 374 (4th Cir. 2005).

Dunphy asks the Court evaluate her petition in light of Blakely v. Washington, 124 S.Ct. 2531 (2004). With regard to sentencing guidelines, Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted).

The Supreme Court applied Blakely to the federal sentencing guidelines as well. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence imposed based on jury fact finding. In the second part of its decision, the Supreme Court rendered the federal sentencing guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

The Supreme Court decisions in Blakely and subsequent related cases do not indicate that a review of Dunphy's sentence is merited. The Petitioner stipulated to the drug quantity considered for purposes of relevant conduct, so the resulting sentence was not based upon findings by the Court. The sentence was also within the statutory offense range of five to forty years (21 U.S.C. 841(b)(1)(B)), as outlined in her plea agreement. Therefore, Dunphy was not denied her Constitutional rights by the Court's sentence because the Petitioner's sentencing factors were not based on factual findings by a court, the sentence was reasonable and the Petitioner has not shown that a different sentence would be likely post Booker.

For the foregoing reasons and for the reasons stated in Magistrate Judge Seibert's Report and Recommendation, the Court **ORDERS** that:

1. The Magistrate's Report and Recommendation be and hereby is **ADOPTED**;

2. The Petitioner's Motion to Supplement be **GRANTED**;[4]

2. The Petitioner's Motion for Appointment of Counsel is **DENIED**;[5]

3. The Petitioner's Motion to Proceed in forma pauperis is **DENIED**;[6] and

4. There being nothing further in this matter, this case be **STRICKEN** from the active docket of the Court.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record herein.

**DATED** this 7th day of April 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[4] Document No. 6.

[5] Document No. 9.

[6] Incorporated into Document No. 1.